# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALLEN DEAN WASHBURN,**

        **Plaintiff,**

      v.                                           **CASE NO. 18-3002-SAC**

**ZACK (LNU), et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 and proceeds pro se and in forma pauperis. He alleges that while he was incarcerated at the Marion County Jail, a jail employee named "Zack" violated the constitution by opening plaintiff's legal mail and revealing its contents to "every inmate in the jail." He purports to bring official capacity claims against "Zack" as well as the Marion County Jail Administration. As relief, plaintiff seeks $1,500,000 for pain and suffering. After screening plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), the court dismissed the Marion County Jail Administration, and directed preparation of a *Martinez* report to develop the factual record. (Doc. 8).

This matter is before the court on the remaining defendant's motion to dismiss (Doc. 14), and plaintiff's second motion for leave to proceed in forma pauperis (Doc. 10), and motion to show cause (Doc. 16).[1] Defendant contends that he is immune from an official capacity suit under the Eleventh Amendment and that plaintiff fails to state a claim upon which relief may be granted under Fed R. Civ. P. 12(b)(6). For the reasons discussed below, the court grants defendant's motion

---

[1] Zach Hudlin has accepted service and identified himself as the presumed defendant in this matter. (Doc. 12).

to dismiss and overrules as moot plaintiff's second motion for leave to proceed in forma pauperis and motion to show cause.

### I. Motion to Dismiss

When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the court adheres to the following standards. The court accepts as true the factual allegations in the complaint and draws reasonable inferences in favor of plaintiff. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008). The court is not obliged to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Plausibility" refers to whether the facts alleged in the complaint are so general or so innocent that the plaintiffs "'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly*, 550 U.S. at 556). If, after drawing upon the court's "judicial experience and common sense," the court decides that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, [then] the complaint has alleged - but it has not 'show [n]' - 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The court has examined the motion and related memorandum in support, plaintiff's amended complaint, the *Martinez* report and the relevant legal authorities.[2] The pertinent facts are undisputed, corroborated, or viewed in the light most favorable to plaintiff.

### A. Factual Background

From August 15 through October 23 of 2017, plaintiff was incarcerated at the Marion County Jail in Marion, Kansas. Marion County Jail policy requires inmates to submit all outgoing mail in unsealed envelopes so that corrections officers may check for contraband. In violation of this policy, plaintiff submitted outgoing non-legal mail in sealed envelopes marked "legal mail". Accordingly, to inspect plaintiff's mail for contraband, jail officials regularly opened plaintiff's sealed envelopes and then, without reading the contents, resealed the mail before sending it.

From the Marion County Jail, plaintiff was transferred to Norton Correctional Facility (NCF). Plaintiff sent a letter from NCF postmarked October 25, 2017, to Mr. Neil Tierney with the "ATF" (the Bureau of Alcohol, Tobacco, Firearms, and Explosives), in which plaintiff states that he is in "Norton Prison". This is the only letter Tierney received from plaintiff, though plaintiff alleges he sent Tierney other letters.

Plaintiff alleges that at some point after his transfer, he was told by Jonathan Mangold (another NCF inmate) that "Zack" of the Marion County Jail had opened a letter plaintiff sent to Tierney and revealed its contents to "all inmates in jail" in order to label plaintiff as a "snitch." Plaintiff alleges that "Zack" did so to get plaintiff killed in retaliation for "beating the charges in Marion County." Plaintiff grieved this conduct in a letter to the Marion County Sheriff postmarked

---

[2] When reviewing claims brought by a pro se prisoner, the court may direct preparation of a *Martinez* report to "develop a record sufficient to ascertain whether there any factual or legal bases for the prisoner's claims." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). Because plaintiff has had an opportunity to respond, the court may consider the corroborated or undisputed information contained in a *Martinez* report when evaluating a motion under Fed. R. Civ. P. 12(b)(6) without converting it to a motion for summary judgment. *Id.* at 1112-1113.

January 4, 2018 (two days after he filed the complaint in this action) that plaintiff mailed from NCF. Mangold told plaintiff that another inmate named Dustin Shiplet witnessed Zack opening and revealing the contents of the letter. Shiplet, who was incarcerated in the Marion County Jail from September 11, 2017 through March 1, 2018, denies witnessing such conduct.

### B. Official Capacity Claim

Under 42 U.S.C. § 1983, plaintiff purports to bring a claim against defendant in his official capacity. To state an official capacity claim, however, plaintiff must allege that his purported injuries were caused by a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). As such, official capacity claims sound not against a defendant official personally, but against the "entity of which the officer is the agent." *Estate of Hammers v. Douglas Cnty., Kan. Bd. of Commrs.*, 2018 WL 1536514 at *5 (D. Kan. March 28, 2018) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Put another way, injuries caused by a government employee can occur in an official capacity only to the extent the injury results from the execution of the government's policy or custom. *Id.* Accordingly, a claim for injuries caused by the conduct of a government employee when the conduct is unrelated to a government policy or custom must be brought against the employee in his or her individual capacity.

Plaintiff makes no allegations that his purported injuries were caused by an official policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the Marion County Jail or relevant officials. Accordingly, plaintiff does not state an official capacity claim under 42 U.S.C. § 1983. His official capacity claim must therefore be dismissed, and as such, the court does not reach defendant's argument that he is entitled to immunity under the Eleventh Amendment.

### C. Individual Capacity Claim

The court previously liberally construed plaintiff's complaint and determined that notwithstanding plaintiff's failure to indicate in his complaint an intent to bring an individual capacity claim, plaintiff's allegations merited preparation of a *Martinez* report under *Benefield v. McDowell*, 241 F.3d 1267 (10th Cir. 2001) and *Brown v. Narvais*, 265 Fed. Appx. 734, 736 (10th Cir. Feb. 19, 2008). Under those cases, a prisoner who jail officials identify as a "snitch" may state an Eighth Amendment claim for relief if the prisoner is held under conditions posing a substantial risk of serious harm and the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards. *Benefield*, 241 F.3d at 1271; *Brown*, 265 Fed. Appx. at 736.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

After reviewing the complaint and the *Martinez* report with plaintiff's response thereto, the court finds that plaintiff has failed to state a claim upon which relief may be granted, and that accordingly, his complaint must be dismissed. Using its judicial experience and common sense, the court finds that the factual allegations in the complaint do not state a plausible claim to relief, when informed by the uncontroverted factual information contained in the *Martinez* report. Specifically, the court finds – and plaintiff implicitly concedes – that the conduct alleged in the complaint merely reports an unverified rumor plaintiff heard from another inmate, which was then controverted in sworn statements by both the defendant and a witness of the alleged conduct. Plaintiff's request for a jury trial on the facts does not obviate the requirement that he base his complaint on plausible factual information.

Furthermore, the court finds that plaintiff fails to state an Eighth Amendment violation because the record contains no information that he was held under conditions posing a substantial risk of serious harm. Plaintiff was not incarcerated at the facility where the alleged harm occurred

at the time the alleged harm occurred, the record contains no allegation that plaintiff somehow was in danger at NCF because of the alleged dissemination of information by defendant at the Marion County Jail sometime after plaintiff left. The single conclusory statement that plaintiff received "many death threats from gangs and groups" is insufficient to push plaintiff's claim from merely speculative to plausible, given the myriad inconsistencies between the complaint and plaintiff's response to the motion to dismiss. Accordingly, the court finds that plaintiff has failed to state a claim upon which relief may be granted and dismisses the complaint.

## II. Remaining Motions

Because the court previously granted plaintiff's motion for leave to proceed in forma pauperis (Doc. 9), his second motion for leave (Doc. 10) is overruled as moot. The motion to show cause, which seeks a trial by jury (Doc. 16) is hereby dismissed as moot because plaintiff's complaint is subject to dismissal for the reasons discussed herein.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss or in the alternative for summary judgment (Doc. 14) be and hereby is granted.

**IT IS FURTHER ORDERED** that the second motion for leave to proceed in forma pauperis (Doc. 10) and the motion to show cause (Doc. 16) are overruled as moot.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied without prejudice.

**IT IS SO ORDERED**.

Dated this 19th day of June, 2018, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**